# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **LEON F. FOURNET** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER  06-1730** |
| **GREAT-WEST LIFE & ANNUITY INSURANCE COMPANY** | * | **SECTION "L" (5)** |

## <u>ORDER & REASONS</u>

Before the Court are the Defendant's Motion for Summary Judgment (Rec. Doc. 22) and the Plaintiff's Motion for Partial Summary Judgment Regarding Accidental Death Benefit (Rec. Doc. 26).  For the following reasons, the parties' motions are now DENIED.[1]

## I.      BACKGROUND

This life insurance dispute arises out of the unfortunate death of Ms. Martha Zindo Fournet.  On February 14, 2005, Ms. Fournet died as a result of multiple blunt force injuries suffered after she either fell or jumped from her fourth floor balcony.  Ms. Fournet's life was insured by a group term life insurance policy issued by Great-West Life & Annuity Insurance Company ("Great-West").  The policy at issue provided a $100,000.00 primary death benefit and a $100,000.00 accidental death benefit.  After an extended investigation, Great-West paid the primary death benefit to Ms. Fournet's surviving spouse, Dr. Leon F. Fournet, but continues to refuse to pay the accidental death benefit, contending that Ms. Fournet committed suicide.

---

[1]  The parties have also filed a number of motions to exclude expert testimony.  The Court will address these motions at the pre-trial conference.

On February 22, 2006, Dr. Fournet ("Plaintiff") filed suit against Great-West in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana. Great-West removed the case to this Court on March 31, 2006. The Plaintiff seeks to recover the accidental death benefit and associated penalties and damages, including damages arising from Great-West's failure to pay the primary death benefit within sixty days of receiving satisfactory proof of loss.

## II.    PRESENT MOTIONS

Great-West has filed a motion for summary judgment seeking dismissal of the Plaintiff's complaint in its entirety. Great-West contends that it is entitled to summary judgment because the policy at issue provides that the accidental death benefit "will not be paid if the insured person's death is caused by or in any manner or degree connected with . . . suicide, while sane or insane, [or] intentional self-inflicted injury." (Ex. 1 to Def.'s Mot.) Great-West relies on the Jefferson Parish Sheriff's Office's investigation of Ms. Fournet's death, and its own investigation, both of which purportedly determined that Ms. Fournet's death was not accidental. Moreover, Great-West argues that it was justified in withholding the primary death benefit until its investigation was completed, and thus that the Plaintiff is not entitled to bad-faith penalties in this case.

The Plaintiff opposes Great-West's motion, and has responded with a cross motion for partial summary judgment. The Plaintiff contends that he is entitled to the accidental death benefit as a matter of law because Great-West has failed to meet its heightened burden of proof. The Plaintiff argues that Great-West has failed to prove that Ms. Fournet committed suicide to the exclusion of every other reasonable hypothesis, and thus that the policy exclusion cannot be enforced in this case.

III.    **LAW & ANALYSIS**

Summary judgment will be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56.  When considering a motion for summary judgment, the Court must "review the facts drawing all inferences most favorable to the party opposing the motion."  *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004).  If the party moving for summary judgment demonstrates the absence of a genuine issue of material fact "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

Moreover, under Louisiana law, "to avoid liability on a policy issued by it, if an insurance company relies on the defense that the insured committed suicide, the burden rests on the company to establish that the insured did commit suicide to the exclusion of every other reasonable hypothesis."  *Zanca v. Life Ins. Co. of N. Am.*, 99-2253 (La. App. 4 Cir. 6/28/00), 770 So. 2d 1, *writ denied*, 00-2859 (La. 12/8/00), 776 So. 2d 467.  However, an insurer need not "eliminate every speculative, fantastic, conjectural, frivolous, and imaginary hypothesis."  *Newdigate v. Acacia Mut. Life Ass'n of Washington, D.C.*, 158 So. 358 (La. 1934).

In light of the above standards of review and considering that only circumstantial evidence exists as to whether Ms. Fournet's death was the result of suicide, accident, or some other cause, the Court cannot summarily conclude that Great-West has proven suicide to the exclusion of every other reasonable hypothesis.  However, neither can the Court conclude that Great-West will not be able to do so at trial.  Its burden is to exclude every other *reasonable*

hypothesis, and whether the Plaintiff's offered hypotheses are reasonable is a matter for the trier of fact.[2]

**IV.    CONCLUSION**

For the foregoing reasons, IT IS ORDERED that the Defendant's Motion for Summary Judgment (Rec. Doc. 22) and the Plaintiff's Motion for Partial Summary Judgment Regarding Accidental Death Benefit (Rec. Doc. 26) are DENIED.

New Orleans, Louisiana, this 18th day of June, 2007.

_____

UNITED STATES DISTRICT JUDGE

---

[2]  Whether Great-West's delay in paying the primary death benefit in this case was "arbitrary, capricious, or without probable cause," and whether the Plaintiff is entitled to bad-faith penalties under any other theory, are also questions for the jury.  *See, e.g., Sutton v. Oncale*, 99-967 (La. App. 5 Cir. 3/29/00), 765 So. 2d 1072, 1077-81.